IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ROBERT L. HEDRICK, | : | CIV. NO. 24-10299 (RMB) |
| Petitioner | : | |
| v. | : | **OPINION** |
| FEDERAL BUREAU OF PRISONS, | : | |
| Respondent | : | |

This matter comes before the Court upon Petitioner Robert L. Hedrick's petition for writ of habeas corpus under 28 U.S.C. § 2241, where he seeks immediate release from confinement. Pet., Dkt. 1. A friend of Petitioner's submitted a filing fee of $ 405 on Petitioner's behalf. Letter, Dkt. 4. The filing fee for a habeas petition is only $5. 28 U.S.C. § 1914. The Court will direct the Clerk to return $400 to the payor,[1] and retain $5 for the filing fee. The petition is subject to review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4. Upon review of the petition, the Court will dismiss this matter.

**I. The Petition**

On November 5, 2024, Petitioner filed a "Motion for Court Order," alleging he is illegally detained in the Federal Correctional Institution in Fort Dix, New

---

[1] David L. Turnage, 23080 Flukinger Road, Waller, Texas 77484. Letter, Dkt. 4.

Jersey, which this Court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2241.[2] Petitioner named the Federal Bureau of Prisons as the respondent to his petition. "[I]n habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

According to the petition, on December 30, 2020, the Fifth Circuit Court of Appeals vacated the judgment of the United States District Court, Southern District of Texas, denying Petitioner's motion to vacate, set aside or correct sentence in Civil Action No. 5:17-CV-36. Attach. to Pet., Dkt. 1 at 6-9. Petitioner contends "vacatur" has only one meaning, that his conviction and sentence have been vacated, and he cannot be resentenced. Petitioner describes in exhaustive detail the efforts he has undertaken to have the Bureau of Prisons release him based on the Fifth Circuit Court of Appeals' decision.

## II. DISCUSSION

District courts have jurisdiction under 28 U.S.C. § 2241(c) to grant a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." The Court construes the petition as alleging the Bureau of Prisons has violated Petitioner's due process liberty interest in release from confinement upon vacation of his conviction and sentence.

---

[2] In addition to habeas relief of immediate release from confinement, Petitioner seeks damages against the Federal Bureau of Prisons for failing to release him after a district court vacated his sentence. If Petitioner chooses to file a federal claim for money damages, he must do so in a separate proceeding, subject to payment of the $405 filing fee or submission of an IFP application under 28 U.S.C. § 1915(a).

The Fifth Circuit remanded Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 to the sentencing court, stating, in pertinent part:

> Reasonable jurists would debate whether the district court erred in summarily denying relief without considering Hedrick's ineffective assistance of counsel claims to the extent they (a) were not previously raised and (b) do not pertain to conspiracy and other such claims previously rejected by this court and the district court. *See Slack*, 529 U.S. at 484. As a result, COA is GRANTED as to this claim. His motion for leave to proceed in forma pauperis is likewise GRANTED. As further briefing is not necessary on this issue, the judgment is VACATED and the case REMANDED for further proceedings in accordance with this opinion. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998). Hedrick's numerous other motions seeking various relief are DENIED. We express no opinion on the merits of Hedrick's ineffective assistance allegations, but strongly caution him that sanctions will be imposed for future frivolous findings. In addition, we note that the district court is free to consider whether Hedrick's § 2255 motion was filed in a timely manner.

Pet., Attach. 1, Dkt. 1 at 8.cv

It is clear from the Fifth Circuit's opinion and judgment that it did not vacate Petitioner's underlying federal conviction and sentence, but rather vacated the district court's denial of his post-conviction motion for further consideration, without addressing the merits of Petitioner's ineffective assistance of counsel claims.[3] Therefore, on the face of the habeas petition, and the attachments thereto, Petitioner

---

[3] Furthermore, the Court takes judicial notice Petitioner's sentencing court entered final judgment denying his § 2255 motion. *Hedrick v. United States*, 5:17-cv-00036 (S.D. Tex. 2022) (Dkt. 77), available at Public Access to Court Electronic Records, www.pacer.gov. On December 13, 2022, the Fifth Circuit denied Petitioner a certificate of appealability on the district court's August 10, 2022 final judgment.

3

has failed to state a claim that he "is in custody in violation of the Constitution or laws or treaties of the United States." The Court will dismiss the petition for lack of jurisdiction under 28 U.S.C. § 2241.

## III.   CONCLUSION

On the face of the petition and its attachments, the Court lacks jurisdiction over Petitioner's habeas petition under 28 U.S.C. § 2241. An appropriate Order of dismissal will be entered.


DATE:  November 27, 2024

> s/Renée Marie Bumb
> **RENÉE MARIE BUMB**
> **Chief United States District Judge**