NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ROBERT L. HEDRICK,

                Petitioner

v.

FEDERAL BUREAU OF PRISONS,

                Respondent

CIV. NO. 24-10299 (RMB)

**MEMORANDUM OPINION**

IT APPEARING THAT:

    1. On November 5, 2024, Petitioner Robert L. Hedrick ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting the Fifth Circuit Court of Appeals vacated his conviction and sentence on December 30, 2020, and that the Bureau of Prisons ("BOP") had since been holding him in illegal confinement. (Pet., Dkt. No. 1.) Petitioner sought immediate release and monetary damages. (*Id.*)

    2. In an Opinion and Order dated November 27, 2024, this Court found Petitioner's filing presented a hybrid civil rights action and petition for writ of habeas corpus, and directed Petitioner to file a separate civil rights action for his claims for monetary damages. (Opinion, Dkt. No. 5; Order, Dkt. No. 6.) This Court also found that the Fifth Circuit Court of Appeals had not vacated Petitioner's conviction and sentence but rather had vacated the district court's denial of his post-conviction

1

motion and remanded for further proceedings. (Opinion, Dkt. No. 1 at 3.) This Court took judicial notice that subsequent to remand on Petitioner's motion to vacate under 28 U.S.C. § 2255, the district court denied his motion and entered final judgment, and the Fifth Circuit denied Petitioner a certificate of appealability. (*Id.* at n. 3.) Therefore, this Court dismissed the petition because Petitioner failed to state a claim that he "is in custody in violation of the Constitution or laws or treaties of the United States." (*Id.* at 4; Order, Dkt. No. 6.)

3. On December 23, 2024, Petitioner filed a document entitled "Motion to Amend" wherein he seeks reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), of this Court's Opinion and Order dismissing his habeas petition for lack of jurisdiction. ("Mot. for Reconsideration, Dkt. No. 10.)

4. A motion for reconsideration under Rule 59(e) provides an extremely limited opportunity for review. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Relief is available:

> [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available … or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Id.* at 415 (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.,* 602 F.3d 237, 251 (3d Cir. 2010) (alteration added)).

5. Petitioner contends this Court erred because his sentencing court's final judgment denying his § 2255 motion was illegally filed as a result of perjury and

2

criminal fraud by the U.S. Attorneys.[1] (*Id.* at 1.) Petitioner further alleges "Hedrick's Judgment and Conviction was vacated based on "new evidence" that could not have been brought up at his trial, appeal to the Fifth Circuit, or the Supreme Court because it had yet to be discovered. A full description of that 'new evidence' will be presented below." (*Id.* at 3.)

6. This Court has reviewed Petitioner's criminal docket in *United States v. Hedrick*, 1:11-cr-00715-1, and the docket in his proceeding under 28 U.S.C. § 2255, *Hedrick v. United States*, 5:17-cv-00036 (S.D. Tex. 2022),[2] and verified that Petitioner's sentence has not been vacated based on new evidence. Furthermore, this Court lacks jurisdiction to consider Petitioner's claim of new evidence of his innocence. *See Jones v. Hendrix*, 599 U.S. 465, 478 (2023) (denying use of a habeas petition under § 2241 to bring a second or successive collateral attack on a sentence where "Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences.")

7. Therefore, the Court will deny Petitioner's motion for reconsideration. An appropriate Order follows.

Dated: **July 9, 2025**

                                      s/Renée Marie Bumb
                                      RENÉE MARIE BUMB
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Section 2241 is not available to evade procedural requirements of Section 2255. *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002)
[2] Available at Public Access to Court Electronic Records, https://pacer.uscourts.gov/.