## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| ROBERT L. HEDRICK,<br><br>*Petitioner*<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>*Respondent* | Civil No. 24-10299 (RMB)<br><br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1.      On November 5, 2024, Petitioner Robert L. Hedrick ("Petitioner"), proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting that the Fifth Circuit Court of Appeals had vacated his conviction and sentence and that the Bureau of Prisons ("BOP") was holding him in illegal confinement. (Dkt. No. 1.) Petitioner sought immediate release and monetary damages. (*Id*.)

2.      In an Opinion and Order dated November 27, 2024, this Court dismissed the petition with prejudice. (Dkt. No. 5; Order, Dkt. No. 6.) The Court found that the Fifth Circuit had not vacated Petitioner's conviction and sentence, but rather had vacated the district court's denial of his post-conviction motion and remanded for further proceedings. (Dkt. No. 5 at 3.) The Court further took judicial notice that, following remand, the district court denied Petitioner's motion under 28 U.S.C. § 2255 and

1

entered final judgment, and that the Fifth Circuit denied Petitioner a certificate of appealability. (*Id.* at n.3.) Because Petitioner failed to show he "is in custody in violation of the Constitution or laws or treaties of the United States," the Court dismissed the petition. (*Id.* at 4.)

3.      On December 23, 2024, Petitioner filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. No. 10.) On July 9, 2025, this Court denied that motion, finding that Petitioner had not demonstrated an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error of law or fact. (Memorandum Opinion, Dkt. No. 21; Order, Dkt. No. 22.) The Clerk was directed to close the matter. (Order, Dkt. No. 22.)

4.      On July 30, 2025, the Court's July 9, 2025 Memorandum Opinion and Order were returned as undeliverable to Petitioner's address of record. (Dkt. No. 23.) The Clerk resent those documents to the address then reflected in the Federal Bureau of Prisons' inmate locator. (Dkt. No. 23, Court notation of 7/30/2025.)

5.      Despite the closure of this case, Petitioner continued to file documents. On August 22, 2025, Petitioner filed a "Demand for Immediate Final Resolution." (Dkt. No. 24.) On November 12, 2025, Petitioner filed a "Motion for Summary Judgment by Default" (Dkt. No. 25), contending that the BOP had failed to respond to his complaint and seeking immediate release and damages, including a claimed 67% interest in $1.7 trillion in lost corporate profits. On February 13, 2026, further court

2

mail was again returned as undeliverable. (Dkt. No. 26.)

6.      This case was terminated on July 9, 2025 upon denial of Petitioner's motion for reconsideration and entry of the order directing the Clerk to close the matter. (Dkt. No. 22.) Petitioner's Demand for Immediate Final Resolution (Dkt. No. 24) and Motion for Summary Judgment by Default (Dkt. No. 25) were both filed after that termination, in a closed case. Petitioner has not moved to reopen the case under Federal Rule of Civil Procedure 59 or 60, has identified no intervening change in law or fact, and has pointed to no other basis warranting reopening. The Court's prior dismissal of the § 2241 petition for failure to state a claim remains undisturbed. There is accordingly no procedural vehicle by which the Court may entertain Petitioner's post-closure filings.

7.      Even if the Court were to consider Petitioner's motion on the merits, it would fail. Petitioner invokes Federal Rule of Civil Procedure 55(a), contending that the BOP is in default for failure to respond to his complaint. That argument is foreclosed by the procedural framework governing habeas proceedings. Section 2241 petitions are governed by the Rules Governing Section 2254 Cases to the extent those Rules are applicable, *see* R. Governing § 2254 Cases, R. 1(b), and those Rules provide their own response framework under Rule 5, which requires the respondent to file an answer only when so ordered by the court. The civil default mechanism of Rule 55(a) is inconsistent with that framework and does not apply. *See* Fed. R. Civ. P. 81(a)(4) (Federal Rules apply to proceedings for habeas corpus "to the extent that the practice in those

proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases"). Here, the Court never ordered the BOP to respond, and the petition was dismissed before any response was due. There was no default, and Rule 55(a) affords Petitioner no relief.

8.      Finally, the Court notes that no order to show cause or further notice to Petitioner is required before acting on these filings. Local Civil Rule 10.1(a) requires that "[e]ach attorney and pro se party must advise the Court of any change in . . . address within seven days of being apprised of such change." L. Civ. R. 10.1(a). Court mail directed to Petitioner was returned as undeliverable in July 2025 (Dkt. No. 23) and again in February 2026 (Dkt. No. 26). Petitioner has filed no notice of address change. Because Petitioner has not maintained a current address of record as required, the Court has no reliable means of providing him notice, and none is required before resolving the pending filings.

9.      For the foregoing reasons, Petitioner's Demand for Immediate Final Resolution (Dkt. No. 24) and Motion for Summary Judgment by Default (Dkt. No. 25) are denied. The matter shall remain closed. An appropriate Order follows.

Dated: **June 9, 2026**

> s/Renée Marie Bumb
> **RENÉE MARIE BUMB**
> **Chief United States District Judge**

4